UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONNIE HOWARD CROOK,

    Petitioner,

v.                                                             Case No. 5:25cv53-TKW-HTC

GRACEVILLE CF FDOC,

    Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

Petitioner Ronnie Howard Crook, an inmate in the Florida Department of Corrections ("FDOC") proceeding *pro se*, submitted a petition under 28 U.S.C. § 2254, Doc.1, and a motion to proceed *in forma pauperis*, Doc. 5. Upon review, the motion to proceed *in forma pauperis* is GRANTED, but the undersigned respectfully recommends the petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases because Crook has failed to exhaust his available state remedies.

**I.     BACKGROUND**

Crook was convicted in 1999 of arson in the Tenth Judicial Circuit Court for Highlands County Case No. 1988 CF 54 and sentenced to thirty (30) years' imprisonment. Doc. 1 at 1. He claims the FDOC has "frozen" his tentative release

date at May 21, 2029,[1] even though Crook should have been granted ten (10) days

of gain time per month, making his release date November 21, 2024. *Id.* at 5. He

requests this Court order "all my earned gain time be awarded" and he "be released

immediately and FDOC pay for every day" he has been falsely incarcerated.[2] *Id.* at

14.

## II.   LEGAL STANDARD

Under Rules Governing § 2254 Cases, the Court must promptly examine a

habeas petition, and "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner." Rules Governing

Habeas Cases, Rule 4. If the petition is not dismissed, "the judge must order the

respondent to file an answer, motion, or other response within a fixed time, or to

take other action the judge may order." *Id*.

## III.   DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus

petition that the petitioner must first exhaust available state remedies. *See* 28 U.S.C.

§ 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v.*

---

[1] The FDOC website also states Crook's "Current Release Date" is "05/21/2029." *See* https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=275129&TypeSearch=AI.
[2] Monetary damages are unavailable in this action. *See Prieser v. Rodriguez*, 411 U.S. 475, 493 (1973) (monetary damages are available in a § 1983 action but not in a habeas petition).

Case No. 5:25cv53-TKW-HTC

*Connor*, 404 U.S. 270, 275 (1971) (citation omitted)).  Under § 2254, a petitioner

"shall not be deemed to have exhausted the remedies available in the courts of the

State, within the meaning of this section, if he has the right under the law of the State

to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Here, for Crook to have exhausted "any available procedure" he must have

completed all steps of the FDOC's administrative grievance procedures, *see* Fla.

Admin. Code r. 33-103.005 to 33-103.007, and he must have filed a petition for writ

of mandamus or a state habeas petition with the circuit court.  *See Goldwire v. Sec'y*

*Fla. Dep't of Corr.,* No. 4:22-CV-173-WS/MJF, 2022 WL 1693981, at *2 (N.D. Fla.

May 12, 2022), *report and recommendation adopted*, No. 4:22CV173-WS/MJF,

2022 WL 1686876 (N.D. Fla. May 26, 2022) ("In Florida, a challenge to a prison

disciplinary proceeding is properly filed as a petition for writ of mandamus in the

appropriate circuit court.").  Crook, however, has not completed either procedure.

First, Crook did not complete all steps of the FDOC's administrative

grievance process.  The FDOC's grievance procedures generally require an inmate

to (1) file an informal grievance with a designated prison staff member, (2) file a

formal grievance with the warden's office, and then (3) submit an appeal to the

Office of the Secretary.  *Id*.  While Crook attached his institution-level grievances

to the petition, Doc. 1 at 27-28, he did not attach any attempted appeal to the

Secretary.  Instead, he argues "F.D.O.C. is not doing the processing of formal

appeals" and "I must start at institutional level but they have refused to process

appeals." *Id.* at 11. FDOC regulations are clear, however, that the failure of an

FDOC official to timely respond at any level requires the prisoner to proceed to the

next step in the administrative process or, if none remain, to proceed with state

judicial remedies:

> [E]xpiration of a time limit at any step in the process shall entitle the
> complainant to proceed to the next step of the grievance process. If this
> occurs, the complainant must clearly indicate this fact when filing at
> the next step. If the inmate does not agree to an extension of time at the
> central office level of review, he shall be entitled to proceed with
> judicial remedies as he would have exhausted his administrative
> remedies

Fla. Admin. Code r. 33-103.011(4). Thus, even if the FDOC is failing to process his

appeals, he must still proceed to the next level and eventually proceed to state court.

*See Pavao v. Sims*, 679 F. App'x 819, 825–26 (11th Cir. 2017) ("even assuming that

the prison failed to respond to that grievance, the grievance procedure provides that

he could have 'proceed[ed] to the next step of the grievance process'—

administrative appeal—after the expiration of 20 days.").

Second, Crook did not file a petition for writ of mandamus or habeas corpus

in the circuit court. *See Williams v. Moore*, 752 So.2d 574, 575 (Fla. 2000) (holding

that "the [state] circuit courts are the proper place to adjudicate these issues of fact"

concerning the application of gain time for prisoners.). In *Pruitt v. Jones*, 348 F.3d

1355, 1359 (11th Cir. 2003), the court held that discretionary review of a habeas

petition to the Alabama Supreme Court under that state's law, even though discretionary with the court, was required, because discretionary review must be sought "[i]n order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c)," unless such review would be considered "extraordinary." The Florida Supreme Court in *Williams, supra,* made it clear that discretionary review in the circuit courts is not extraordinary, but is the proper place to resolve gain time issues.

Because Crook did not exhaust his state remedies, this case should be dismissed.

## IV.   CONCLUSION

Accordingly, it is ORDERED:

1.      The motion to proceed *in forma pauperis*, Doc. 5, is GRANTED, and Crook may proceed without paying the filing fee.

2.      The clerk shall provide a copy of this Report and Recommendation to the Warden at Graceville Correctional Facility and to the Attorney General of Florida and if the Respondent wants to waive exhaustion, then he shall file a notice of waiver within **fourteen (14) days** of this Order.

Additionally, it is respectfully RECOMMENDED that:

1.      The petition under 28 U.S.C. § 2254, Doc. 1, be dismissed without prejudice for failure to exhaust available state remedies.

2.      That the clerk be directed to close the file.

Case No. 5:25cv53-TKW-HTC

At Pensacola, Florida, this 8th day of April, 2025.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.